MANUEL NEGRÓN, Appellant, v. REGISTRAR OF HUMACAO, Respondent.

No. 625. Submitted December 2, 1925.—Decided December 16, 1925.

RECORD OF TITLE—PRINCIPAL AND AGENT—POWER OF ATTORNEY.—A deed or power of attorney executed before a commissioner of deeds for Porto Rico in the State of New York, if otherwise unobjectionable, is as eligible to record in this Island as if executed before a notary public here or elsewhere.

Registry of Property of Humacao, López del Valle, R. Decision refusing to record a deed. *Reversed.*

*F. González* for the appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A registrar of property refused to record a deed—

"because power of attorney number two hundred ninety-seven, executed in the City, County and State of New York, on the twentieth

day of February of the year nineteen hundred and twenty-five, before Ramón Miranda, Commissioner of Deeds for Porto Rico, in the State of New York, under which Antonio Roig appears as attorney in fact for Antonio B. Ramos, had not been legalized before a Notary Public, but before the Commissioner of Deeds for Porto Rico, in the State of New York, who had no power to issue such document.''

The power of attorney is not before us and the registrar raises no question as to its form or sufficiency, aside from the fact that it was executed before a commissioner of deeds instead of a notary.

The brief in support of the endorsement proceeds upon the theory that the Insular Legislature can not encroach upon the prerogatives of a state legislature by attempting to say who may authenticate deeds of conveyance and other instruments within the boundaries of any one of the United States.

Our Political Code, however, does not undertake to regulate the conveyance of real estate within the State of New York or within the borders of any other state with reference to the validity and effect of such conveyance when offered in evidence or presented for record in such state. It merely authorizes the appointment of commissioners and provides that—

''Said Commissioner may, in the State or Territory for which he is appointed, administer and certify oaths and take depositions, affidavits, and acknowledgments of deeds and other instruments, to be used or recorded in Porto Rico, and the proof of such deeds when the grantor refuses to acknowledge the same; and all oaths, depositions, affidavits, acknowledgments, and proofs so administered or taken and certified by such commissioner under his official seal, shall be as effectual as if administered or taken and certified by the proper officers of Porto Rico and shall be received as evidence in all the courts of justice of Porto Rico.'' Sec. 165.

The registrar does not point to any state, nor is it probable that any state could be found that has not enacted a similar law. The brief does not cite any authority for the

proposition that such legislation is *ultra vires,* nor are we aware of any case in which such a question has been raised, although it is fair to add, perhaps, in order not to discourage further research along these lines, that no independent investigation of the matter has been made by this court.

The registrar also insists that the Spanish translation of Sec. 165, *supra,* contains provisions not to be found in the English version and that the statute being of American origin, the English text must control.   The brief concedes that a deed or power of attorney executed before a notary public within the State of New York, whose authority to act is duly certified by a commissioner of deeds, would be acceptable.   It is contended, however, that this method of vouching for the official character of the notary in question is the "acknowledgment" referred to in section 165 of the Political Code.

Obviously this notion arises out of a lack of familiarity with the method and history of conveyancing in the United States, and with the broader legal significance of the word "acknowledgment" as used in connection therewith.   A fairly comprehensive discussion of the matter may be found in the article on Acknowledgments in vol. 1 of Corpus Juris, pages 739, *et seq.*

The language of the Spanish text, *"legalizar reconocimientos y otorgamientos de escrituras o cualquier otro documento público,"* is not an interpolation or amplification of the English version, but rather a conscientious effort on the part of the translator to convey in Spanish a more accurate concept of the term "acknowledgment" than could be indicated by any literal equivalent thereof without a like acquired and technical sense in Spanish jurisprudence.

This becomes even more apparent upon consideration of the further express provision that (italics ours) : "All oaths, depositions, affidavits, acknowledgments, and proofs as administered or taken and certified by such commissioner un-

der his official seal *shall .be as effectual as if administered or taken and certified by the proper officer of Porto Rico.*"

The "proper officer of Porto Rico," in so far as the authentication of public instruments executed within this Territory is concerned, must be a notary public or else the words are meaningless. For, as pointed out by the registrar himself, a public instrument in Porto Rico can not be legally executed before any other "officer."

It would seem to follow that a deed or a power of attorney executed before a commissioner of deeds for Porto Rico in the State of New York, if otherwise unobjectionable, is quite as eligible to record in this Island as if executed before a notary public, either here or elsewhere.

The ruling appealed from must be reversed.